IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00230-CMA-SKC

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Plaintiff,

v.

JAMES STAHL,

    Defendant.

---

**ORDER AFFIRMING MAY 30, 2019 AND OCTOBER 17, 2019
ORDERS OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon the May 30, 2019 (Doc. # 111) and October 17, 2019 (Doc. # 135) Orders by Magistrate Judge Crews, which granted Plaintiff's Motions to Strike Defendant's expert disclosures from April 30, 2019 (Doc. # 107), and July 1, 2019 (Doc. # 118), respectively. Defendant Mr. James Stahl filed Objections to these Orders on June 13, 2019 (Doc. # 114), and October 31, 2019 (Doc. # 140). For the reasons that follow, the Court overrules Defendant's Objections and affirms the Orders.

## I.     BACKGROUND

**A.**    **CAR ACCIDENT AND RESULTING INSURANCE CLAIMS**

In October of 2016, Defendant Mr. James Stahl ("Stahl"), and Ms. Karen Zohar, a third party, were involved in a car accident in Colorado on I-70 West. Ms. Zohar was

driving her personal vehicle and she carried $50,000 in bodily injury liability coverage. Stahl was driving a work vehicle that was insured by Plaintiff Owners Insurance Company ("Owners") with a $1,000,000 underinsured motorist policy. After the accident, both vehicles pulled to the side of the road. Neither party called the police nor requested an ambulance, and no accident report was filed. Other than minor paint scratches, there was no damage to the vehicles.

Eleven days after the accident, Stahl sought medical treatment for pain in his neck. (Doc. # 130 at 13.) Stahl's x-rays showed chronic degenerative changes to the C5-6 and C6-7 parts of his spine, and he eventually had surgery in March 2017 to correct this. (*Id*. at 14.) Stahl claims that his neck surgery and permanent spinal injuries were caused by the collision with Ms. Zohar. (Doc. # 88 at 3.)

Eventually, Ms. Zohar admitted liability for the accident and her insurance paid Stahl the maximum amount allowed under her policy: $50,000. After calculating his total losses as a result of the collision at $875,000, Stahl submitted a claim to Owners for $825,000—the outstanding amount not covered by Ms. Zohar's policy. On January 29, 2017, Owners told Stahl that his claim was denied. Owners then initiated the instant case, seeking a declaratory judgment that Stahl was not entitled to receive underinsured motorists benefits.

**B.    MAGISTRATE CREWS' ORDERS STRIKING EXPERT DISCLOSURES**

    1.    <u>May 30, 2019 Order</u>

On June 13, 2018, Magistrate Judge Crews set November 14, 2018 as the deadline for the disclosure of affirmative experts. (Doc. # 34.) Because of a motion by

Stahl on October 29, 2018 (Doc. # 62), the court extended the deadline for disclosure of affirmative experts to January 28, 2019 (Doc. # 64). On January 25, 2019, Stahl again requested an extension of all remaining deadlines, including expert deadlines. (Doc. # 70). Because Magistrate Judge Crews concluded that Stahl had not demonstrated good cause for extending any of the deadlines, the court denied the motion. (Doc. # 80.) Stahl did not disclose any experts by the deadline.

On March 7, 2019, after conducting additional discovery, Owners amended its Complaint to include a claim that Stahl negligently caused the accident with Ms. Zohar, and therefore, was not entitled to any benefits under Owners' insurance policy. On April 16, 2019, at a status conference to discuss what additional discovery was necessary as a result of the amendment, Stahl proposed to significantly expand discovery. (Doc. # 111 at 3.) Magistrate Judge Crews interpreted Stahl's proposal as an attempt to circumvent his prior denial of Stahl's deadline extension request. (*Id.* at 3–4.) The court expressed that any additional discovery should be limited to the narrow issue of accident causation raised by Owners' Amended Complaint. Both parties submitted discovery briefs on April 30, 2019.

On the same day, more than ninety days past the expert disclosure deadline, Stahl served Owners with his Fed. R. Civ. P. 26(a)(2) expert disclosures and reports, which opined on a wide range of issues, including those that had been at issue since the beginning of the case. This was done **in the absence of a court order** allowing additional expert disclosures and **without Stahl first seeking leave of the court** to make the designations. (Doc. # 111 at 4.) Owners moved to exclude these experts

3

(Doc. # 107), and the court granted Owners' motion (Doc. # 111). Stahl timely appealed that Order. (Doc. # 114.)

However, Magistrate Judge Crews issued a Discovery Order on May 31, 2019 allowing Stahl to designate one rebuttal expert to testify on the limited issue of whether Ms. Zohar or Stahl caused the accident. (Doc. # 113.)

### 2. October 17, 2019 Order

Instead of narrowly targeting a rebuttal expert's report to Magistrate Judge Crews' Order, Stahl re-endorsed one of the previously-stricken experts and submitted that expert's earlier report, which covered a wide variety of issues, including those that were at issue from the beginning of the case. Owners then moved to strike the expert's report because Stahl failed to abide by the Court's modified Discovery Order. (Doc. # 118.) Magistrate Judge Crews agreed, and he issued an Order granting Owners' Motion to Strike. (Doc. # 135.) This effectively leaves Stahl without any experts to testify at trial. Stahl timely appealed that Order. (Doc. #140.) This Court now reviews both of Magistrate Judge Crews' Orders striking Stahl's expert disclosures (Doc. ## 111, 135) and both of Stahl's Objections to these Orders (Doc. ## 114, 140).

## II. STANDARD OF REVIEW

When a magistrate judge issues an order on a non-dispositive, pretrial order, "[a] party may serve and file objections to the order to the district court within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The district court must modify or set aside any part of the order that "is clearly erroneous or is contrary to law." Fed. R. Civ.

Pro. 72(a); 28 U.S.C. § 636(b)(a)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

With regard to legal matters, the district court conducts an independent, plenary review of the magistrate judge's order. *In re Motor Fuel Temperature Sales Practice Litigation*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010); *see also* 12 Charles Alan Wright, et al., Federal Practice & Procedure § 3069 (2d ed. 2017). Under the 'contrary to law' standard, the reviewing court "set[s] aside the magistrate order only if it applied an incorrect standard," *Dias v. City & Cty. of Denver*, No. 07-cv-00722-WDM-MJW, 2007 WL 4373229, *2 (D. Colo. Dec. 7, 2007) (internal quotations omitted), or applied the appropriate legal standard incorrectly, *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, No. 12-cv-3012-WJM-BNB, 2014 WL 5599127, *1 (D. Colo. Nov. 4, 2014).

As to factual findings by the magistrate judge, the 'clearly erroneous' standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). This is a deferential standard. *In re Motor Fuel Temperature Sales Practice Litigation*, 707 F. Supp. 2d at 1147.

## III. DISCUSSION

### A. MAY 30, 2019 ORDER AND DEFENDANT'S OBJECTION

In his May 30, 2019 Order, Magistrate Judge Crews explained that the sanction he imposed—i.e., striking Stahl's expert disclosures—is justified under both Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37(c). (Doc. # 111 at 5–6.)

According to Federal Rule of Civil Procedure 16(b)(4), scheduling orders may be "modified only for good cause and with the judge's consent." Magistrate Judge Crews explained that "Stahl failed to show *any* cause because he never sought leave of Court" when he served expert disclosures more than ninety days past the deadline. (Doc. # 111 at 5.) Furthermore, Federal Rule of Civil Procedure 37(c) provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c).

Additionally, Federal Rule of Civil Procedure Rule 26(a) governs required disclosure of expert testimony, and notably, this rule requires that a "party must make these disclosures at the times . . . that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Because Magistrate Judge Crews found that Stahl committed a violation of Fed. R. Civ. P. 26(a), and this violation was "neither substantially justified, nor harmless," Magistrate Judge Crews struck Stahl's April 30, 2019 expert designations. (Doc. # 111 at 6.)

Stahl raises two objections to Magistrate Judge Crews' Order. First, Stahl asserts that Rule 37 of the Federal Rules of Civil Procedure allows him to designate his experts

6

late because his delay in disclosing experts is "substantially justified or . . . harmless." (Doc. # 114 at 3.) Second, Stahl objects to Magistrate Judge Crews' decision to rule on Owners' Motion before Stahl filed a response. (*Id.* at 5.) The Court reviews both of these concerns using the "clearly erroneous" standard of review. *See First Union Mortg. Corp.*, 229 F.3d at 995.

First, Stahl has not provided evidence to show that his late disclosures were substantially justified or harmless. Instead, Stahl simply makes a conclusory statement that when he served his expert disclosures over ninety days late and without leave of the court, he was substantially justified. (Doc. # 114 at 5.) Stahl also claims that because his late disclosure would not deny Owners from mounting a defense against his experts, the late disclosure is harmless. However, this argument ignores the costs associated with extending litigation.

District courts have broad discretion in determining whether failing to identify a witness is substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). According to Tenth Circuit precedent, Magistrate Judge Crews was **not** required to make "explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id*. Stahl has not provided this Court with any evidence to conclude that the magistrate judge's holding is clearly erroneous, and therefore, this Court upholds the magistrate judge's decision.

Second, Magistrate Judge Crews did not err in issuing an order before Stahl responded to Owners' Motion to Strike. The applicable Local Rules of Civil Procedure

for the District of Colorado are clear: courts may rule on a motion at "anytime after it is filed." D.C.Colo.L.Civ.R. 7.1(d). Therefore, Magistrate Judge Crews' Order is not "clearly erroneous." *See First Union Mortg. Corp.*, 229 F.3d at 995.

**B.     OCTOBER 17, 2019 ORDER AND DEFENDANT'S OBJECTION**

In his October 17, 2019 Order, Magistrate Judge Crews sanctioned Stahl under Federal Rule of Civil Procedure 16(f) by striking Stahl's expert because Stahl failed to comply with Magistrate Judge Crews' modified Discovery Order. (Doc. # 113.) Rule 16(f) states that "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Tenth Circuit precedent establishes that Rule 16(f) gives courts "very broad discretion to use sanctions where necessary to insure" that lawyers and parties "fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc).

Magistrate Judge Crews sanctioned Stahl because Stahl's rebuttal expert report far exceeded the scope of what the modified Discovery Order permitted. (Doc. # 113 at 5.) When Stahl designated his rebuttal expert, he chose the same expert that he had already declared as an affirmative expert—but that Magistrate Judge Crews had previously stricken in his May 30, 2019 Order. The rebuttal expert report and the affirmative expert report were identical. Magistrate Judge Crews wrote:

> Because it is clear to the Court that Smith's expert opinions are directed at evidence in Stahl's case-in-chief, the Court finds Stahl's violation of Rule 26(a)(2) is neither substantially justified nor harmless. . . . [H]is attempt to mask his affirmative expert report under the guise of rebuttal expert

> testimony is unavailing and suggests a willful disregard for this Court's orders . . . .

(Doc. # 135 at 9.) Furthermore, Magistrate Judge Crews reasonably determined that it was impossible to separate any proper rebuttal opinions from the rest of the report because the analysis is so intertwined. (Doc. # 135 at 8.)

In his Objection, Stahl claims that Magistrate Judge Crews' decision to strike his rebuttal expert was an abuse of discretion. (Doc. # 140.) However, this Court reviews the magistrate judge's Order according to the "clearly erroneous" standard of review. *See First Union Mortg. Corp.*, 229 F.3d at 995.

After reviewing the rebuttal report that Stahl's expert disclosed, this Court determines that Magistrate Judge Crews' Order is not clearly erroneous. Stahl reissued an expert report without even attempting to tailor it to the magistrate judge's instructions. Using the "very broad discretion" afforded to him by Rule 16(f), Magistrate Judge Crews reasonably concluded that Stahl failed to fulfill his "high duty to insure the expeditious and sound management of the preparation of cases for trial." *See In re Baker*, 744 F.2d at 1440. Forcing both Owners and the Court to sift through an affirmative expert's opinion masquerading as a rebuttal expert's opinion is neither expeditious nor sound management of the preparation of the case for trial. Therefore, Magistrate Judge Crews' October 17, 2019 Order is not clearly erroneous.

### IV. CONCLUSION

Based on the foregoing reasons, it is ORDERED that Defendant's Objections (Doc. ## 114, 140) are OVERRULED. It is

FURTHER ORDERED that Magistrate Judge Crews' Orders (Doc. ## 111, 135) are AFFIRMED as orders of this Court.

DATED:

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge